UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80702-CV-MIDDLEBROOKS/MATTHEWMAN

**SAEED AKHTAR KHAN, M.D.,**

Plaintiff,

v.

**NOEL E. STEPHEN, et al.,**

 Defendants,
_____/

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE

COMES NOW, Defendant THOMAS BAKKEDAHL, in his official capacity as State Attorney of the Nineteenth Judicial Circuit, ("Defendant"), provide its Motion to Dismiss Plaintiff's Complaint with Prejudice [DE 1] as follows:

### INTRODUCTION AND BACKGROUND

The Plaintiff's Complaint (filed 4/25/23) has a basis in an underlying criminal and civil suit between the plaintiff and co-defendant Chandler wherein Chandler accused the plaintiff, Khan, of battery. The battery charge was prosecuted by the SAO of the 19th Judicial Circuit resulting in an acquittal in favor of the plaintiff, and thereafter, Chandler, filed a civil suit against the Plaintiff, Dr. Khan, which Chandler ultimately dismissed on February 1, 2022. On 04/25/2023, the plaintiff filed this Federal action against Chandler, Sheriff Noel Stephen, in his individual and official capacity, Javier Gonzalez, Jonathan S. Hendricks, Ashley K. Albright, in their individual capacities, and Thomas Bakkedahl in his official capacity as State Attorney of the Nineteenth Judicial Circuit (hereinafter Bakkedahl). Defendant, Bakkedahl, was sued for conspiracy to maliciously abuse process as to the filing and litigation of Chandler's civil lawsuit pursuant to 42

Page **1** of **8**

U.S.C. section 1983 (Count IV), and conspiracy to maliciously prosecute as to the Campbell criminal trial pursuant to 42 U.S.C. section 1983 (Count V). In Count IV, the plaintiff alleges that the SAO together and individually in violation of his Fourteenth Amendment rights, made an illegal, improper, or perverted use of process relating to the civil case referenced herein filed by Chandler against Dr. Khan and Gateway Medical. In Count V, the plaintiff alleges that state attorney Bakkedahl supervised their agents, including Gonzalez, ASA Hendricks and ASA Albright, whom together and individually promoted the prosecution of Dr. Khan in the Campbell case in violation of 42 USC section 1983.

The complaint must be dismissed because: a) Plaintiff's lawsuit against Bakkedahl, in his official capacity, is barred by the Eleventh Amendment because the Eleventh Amendment precludes certain suits by citizens such as the plaintiff here against their own States in Federal Court.; and b) Bakkedahl and the State Attorney's Office of the 19th Judicial Circuit are entitled to Prosecutorial Immunity, and therefore are absolutely immune from suit.

Defendant respectfully requests that the case be dismissed with prejudice as Bakkedahl and the State Attorney's Office of the 19th Judicial Circuit are entitled to immunity, and therefore any amendments to the Plaintiff's Complaint is not required and would be futile in this case.

## MEMORANDUM OF LAW

### LEGAL STANDARD

**Fed. R. Civ. P. 12(b)(1)**

Federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011), aff'd, 568 U.S. 85 (2013) (internal

quotation marks omitted). The party invoking the court's jurisdiction bears the burden of establishing that jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009). Challenges under Rule 12(b)(1) come in two forms: as "[f]acial attacks on the complaint [which] require the court merely to look and see if the plaintiff has alleged a basis for subject matter jurisdiction" or as "[f]actual attacks [which] challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings and matters outside the pleadings[.]" Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)

**Fed. R. Civ. P. 12(b)(6)**

The function of a motion to dismiss for failure to state a cause of action under Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of the pleading. Fowler v. S. Bell Tel. & Tel. Co., 343 F.2d 150, 153 (5th Cir. 1965) (a motion to dismiss for failure to state a claim upon which relief can be granted generally serves the same function as the common law demurrer).

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court may consider only the complaint, the written instruments attached to it as exhibits, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The court must "view the allegations of the complaint in the light most favorable to the plaintiffs], consider the allegations of the complaint as true, and accept all inferences therefrom." Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288, n.12 (11th Cir. 2005) (internal quotations omitted). However, a court has no corresponding duty to accept as true any legal conclusions in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.").

Indeed, even where a Plaintiff has made allegations concerning each element, to survive a motion to dismiss pursuant to Federal Rule 12(b)(6), the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v Twombly, 550 U.S. 544, 545 (2007). As a result, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief." Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 557–559)). Blanket assertions, labels, and conclusions pled in a complaint are insufficient to satisfy this standard. See Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## ARGUMENT

**Eleventh Amendment Immunity**

Plaintiff's lawsuit against Bakkedahl is barred by the Eleventh Amendment because the Eleventh Amendment[1] precludes certain suits by citizens against their own States in federal court. Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001). It is well established that Congress did not intend to abrogate a state's Eleventh Amendment immunity in 42 U.S.C.A. § 1983 damage suits. Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation, 49 F.3d 1490, 1502 (11th Cir. 1995). In addition, Florida has not waived its sovereign immunity or consented to be sued in suits brought pursuant to 42 U.S.C.A. § 1983. Gamble v. Fla. Dep't of Health & Rehab. Servs., 779 F.2d 1509, 1513 (11th Cir. 1986). This prohibition applies in equal force regardless of whether the plaintiff seeks monetary, injunctive or declaratory relief. Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989). It also applies unless Congress validly abrogates that immunity or the state consents to be sued. Miller v. King, 384 F.3d 1248, 1268 (11th Cir. 2004), opinion vacated and superseded, 449 F.3d 1149 (11th Cir. 2006). "State agencies "share the same Eleventh Amendment immunity as do States." Taylor v. Dep't of Pub. Safety, 142 F. App'x 373,

---

[1] The Eleventh Amendment provides that: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI

374 (11th Cir. 2005) (citation omitted). Likewise, lawsuits against State officials sued in their official capacity are generally barred under the Eleventh Amendment, with the exception that a litigant can sue a state officer for prospective injunctive relief to end "a continuing violation of federal law."[2] <u>Ex parte</u> Young, 209 U.S. 123 (1908). <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (internal quotations omitted)).

The State Attorney's Office of the 19th Judicial Circuit, as a state agency, is entitled to Eleventh Amendment immunity. This also extends to Bakkedahl, who was acting in his official capacity as the State Attorney of the 19th Judicial Circuit, and was performing his duties in his official capacity, and is sued in that capacity in this lawsuit. As Bakkedahl was performing his duties for the State Attorney's Office in the 19th Judicial Circuit of Florida, he is therefore, pursuant to the Eleventh Amendment, entitled to Eleventh Amendment Immunity, and any claim by Plaintiffs brought against him must be dismissed absent evidence that immunity has been waived.

Therefore, all of Plaintiffs' 42 U.S.C.A. § 1983 claims are barred and should be dismissed.

**<u>Prosecutorial Immunity</u>**

Defendant Bakkedahl, served as the State Attorney in the Office of the State Attorney for the 19th Judicial Circuit of Florida, a state agency for the State of Florida. As such, he is entitled to prosecutorial immunity. Prosecutorial immunity is absolute immunity from suit, and most

---

[2] As discussed above in Argument section 2, there is no ongoing violation of federal law that entitles Plaintiffs to injunctive relief. Plaintiffs' claims for injunctive relief are "retroactive" in nature and do not fall within the <u>Ex Parte</u> Young exception. Further, the remedy Plaintiffs request in this case does nothing to ensure "compliance in the future with a substantive federal-question determination," but rather looks to the past for, essentially, compensatory relief. *Milliken v. Bradley*, 433 U.S. 267, 289 (1977) (quoting *Edelman v. Jordan*, 415 U.S. 651, 664 (1974)).

phases of discovery. The Court in *Imbler* stated that absolute prosecutorial immunity is based largely on the "concern that harassment by unfounded litigation would cause a deflection of the prosecutors' energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by this public trust." *Imbler v. Pachtman*, 424 U.S. 409, 423 (1986). Therefore, it is necessary to declare that all prosecutors are entitled to absolute immunity for the initiation and pursuit of criminal prosecution. *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) . Furthermore, this immunity extends to a prosecutor's "acts undertaken…in preparing the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id.*

The purpose of absolute immunity is to relieve a government official performing prosecutorial functions from the burdens of suit and to ensure that decision-making and the exercise of their discretion is not inhibited. *Office of State Attorney, Fourth Judicial Circuit of Florida v. Parrotino*, 628 So. 2d 1097, 1098–99 (Fla. 1993). Furthermore, being an absolute bar to suit, rather than a mere defense to liability, immunity defenses are intended to relieve government officials from the burdens of discovery. Thus, "subjecting officials to traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford." *Redford v. Gwinnett Cnty. Judicial Circuit*, 350 F. App'x 341, 346 (11th Cir. 2009).  Any prosecutor is immune from having to provide discovery, especially when the ultimate goal is to attack the very prosecution for which the person bringing suit was convicted.

A. **Plaintiff's complaint must be dismissed with Prejudice.**

A dismissal with prejudice is warranted when "it is clear the pleading cannot be amended so as to state a cause of action." *Depaola v. Town of Davie*, 872 So. 2d 377, 383 (Fla. 4th DCA 2004). In addition, Courts should deny leave to amend where there is prejudice to the opposing

party, or an amendment would be futile. *Rohatynsky v. Kalogiannis*, 763 So. 2d 1270, 1272 (Fla. 4th DCA 2000).

Any amendment in this case would be prejudicial or futile. First, the Plaintiff has not made any claim that can be amended in regard to the State Attorney's Office. Second, to the extent a claim could be made regarding the decision to pursue charges, the State Attorney's Office would be subject to prosecutorial immunity. In this case, the State Attorney's Office would be immune from suit.

Based upon the above argument, the case should be dismissed with prejudice.

## CONCLUSION

Based upon the above arguments, the Plaintiff has also failed to make any claim against the State Attorney's Office where the Plaintiff would be entitled to any relief. If a claim is found to exist, Defendant State Attorney's Office would be entitled to prosecutorial immunity. The case must be dismissed with prejudice.

WHEREFORE, Defendant State Attorney's Office respectfully requests that this Honorable Court grant this motion and dismiss this matter with prejudice as amendment by the plaintiff would be futile. The Defendant also requests any further relief that this Court may deem just and proper.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

/s/ *Emomotimi Brisibe*
Emomotimi Brisibe, Esq.
Senior Assistant Attorney General
Florida Bar No. 175961
Office of the Attorney General

        110 SE 6th Street, 10th Floor
        Fort Lauderdale, FL 33301
        Telephone: 954-712-4600
        Fax: 954-537-3702
        Email: Emomotimi.Brisibe@myfloridalegal.com
        Attorney for Defendant, Thomas Bakkedahl.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF. I also certify that the forgoing document is being served on this date all counsel of record identified below in matter specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing on August 7, 2023.

        */s/ Emomotimi Brisibe*
        Emomotimi Brisibe
        Senior Assistant Attorney General

## SERVICE LIST

| | |
|---|---|
| Valentin Rodriguez, Esq. | Richard A. Giuffreda, Esq. |
| Valentin Rodriguez, P.A. | Purdy, Jolly, Giuffreda, Barranco & Jisa, P.A. |
| 2465 Mercer Avenue, Ste 301 | 2455 E. Sunrise Blvd., Ste 1216 |
| West Palm Beach, FL 33401 | Fort Lauderdale, FL 33304 |
| Email: defend1@bellsouth.net | Email: richard@purdylaw.com |
| Counsel for Plaintiff Dr. Khan | Secondary Email: jennifer@purdylaw.com |
| | Counsel for Defendants Sheriff Noel E. Stephen and Javier Gonzalez |