UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-80702-MATTHEWMAN

SAEED AKHTAR KHAN, M.D.,

    Plaintiff,

vs.

NOEL E. STEPHEN, et al.,

    Defendant.

_____/

FILED BY SW D.C.
Jan 12, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS JONATHAN S. HENDRICKS AND ASHLEY K. ALBRIGHT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT [DE 70]

THIS CAUSE is before the Court upon Defendants Jonathan S. Hendricks and Ashley K. Albright's Motion to Dismiss Plaintiff's Amended Complaint ("Motion") [DE 70]. Plaintiff, Saeed Akhtar Khan, M.D. ("Plaintiff"), has filed a response [DE 77], and Defendants have filed a reply [DE 85]. The Motion is now ripe for review. The Court has carefully considered the Motion, the response, the reply, and is otherwise fully advised in the premises.

**I. Background**

On April 25, 2023, Plaintiff filed a Complaint in federal court against several defendants, including Jonathan S. Hendricks and Ashley K. Albright (the "ASA Defendants"), alleging violations of 42 U.SC. § 1983, malicious prosecution, conspiracy to maliciously abuse process, conspiracy to maliciously prosecute, malicious abuse of process, false arrest, reckless/intentional infliction of emotional distress, tortious interference with business relationships, and defamation. [DE 1]. The lawsuit arises from the arrest and prosecution of Plaintiff for alleged battery in two

separate cases in Okeechobee County, Florida, based on police reports filed by Defendant Teresa Chandler, Plaintiff's former patient, in May 2020, and by non-party Dina Campbell in August 2020. The ASA Defendants filed a motion to dismiss [DE 47] the Complaint. Thereafter, Plaintiff sought leave to file an amended complaint, which was granted. *See* DEs 49, 50.

Plaintiff filed the 109-page Amended Complaint [Am. Compl., DE 60] on September 25, 2023, which alleges 28 counts against Defendants Noel E. Stephen, Teresa Chandler, Javier Gonzalez, Jonathan S. Hendricks, and Ashley K. Albright. The ASA Defendants were named in their individual capacities. *Id.* The "Parties" portion of the Amended Complaint alleges as follows:

> 15. Defendant **JONATHAN S. HENDRICKS** ("Hendricks"), an adult resident of Okeechobee County, is sued in his individual capacity for the tortious acts alleged herein not related to his duties as an assistant state attorney, nor for his duties in initiating and participating in the prosecutions referenced herein, but rather as his role of investigative officer, and for other acts related thereto.
>
> 16. Defendant **ASHLEY K. ALBRIGHT** ("Albright"), an adult resident of Okeechobee County, is sued in his individual capacity for the tortious acts alleged herein not related to his duties as an assistant state attorney, nor for his duties in initiating and participating in the prosecutions referenced herein, but rather as his role of investigative officer, and for other acts related thereto.
>
> 17. All acts herein were taken under color of law and/or done maliciously, as more fully described herein.

Am. Compl. ¶¶ 15–17. The ASA Defendants are also discussed in other background sections of the Amended Complaint, such as "The Ensuing Conspiracy Involving All Defendants," "The Criminal Prosecution Involving Chandler," "DOH[1] Proceedings Lead to Issuance of an ERO[2] Due to False Allegations of Additional Victims," and "The Criminal Prosecution Involving Campbell." *Id.* ¶¶ 96–129, 140–187, 205–220.

---

[1] "DOH" is an abbreviation for "Department of Health."
[2] "ERO" is an abbreviation for "Emergency Revocation Order."

There is a section of the Amended Complaint entitled "The Roles of Albright and Hendricks Investigating the Chandler and Campbell Claims and Promoting the Issues of the ERO." [Am. Compl. ¶¶ 259–292]. It alleges that the ASA Defendants knew about the relationship between Teresa Chandler, Plaintiff's former patient and alleged victim, and Sheriff Noel E. Stephen and still worked in concert together to abuse process with regard to the civil case and the DOH proceedings. *See Id.* Furthermore, in the "Time Line" section of the Amended Complaint, the ASA Defendants' alleged involvement in the scheme against Plaintiff is again discussed. [Am. Compl. ¶¶ 295–333].

The specific counts alleged against the ASA Defendants are as follows: (1) conspiracy to maliciously abuse process (fair hearing) by Hendricks as to the issuance of the DOH Emergency Revocation Order (Count 7); conspiracy to maliciously abuse process (fair hearing) by Albright as to the issuance of the DOH Emergency Revocation Order (Count 8); abuse of process of Albright as to the proceedings involving the issuance of the DOH Emergency Revocation Order (Count 13); abuse of process of Hendricks as to the proceedings involving the issuance of the DOH Emergency Revocation Order (Count 14); tortious interference with business relationships by Hendricks (Count 25); and tortious interference with business relationships by Albright (Count 26).

## II. Motion, Response, and Reply

a. Motion

The ASA Defendants first argue that, even though Plaintiff separated the claims in the Amended Complaint, it is still a shotgun pleading because it "contains conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." [DE 70 at 10]. More specifically, Counts 25 and 26 "incorporate[ ] 292 paragraphs spanning forty-four (44) pages

3

containing legal conclusions and irrelevant facts that have nothing to do with the claim." *Id.* The ASA Defendants additionally contend that Plaintiff improperly makes legal conclusions, Count 8 improperly incorporates 197 paragraphs of "irrelevant 'facts' and legal conclusions, albeit devoid of any dates and/or times of these purported conspiratorial meetings," and the Amended Complaint is full of "improper conclusory facts." *Id.* at 10–11. They further maintain that the Amended Complaint is "replete with similar examples of Plaintiff merely regurgitating the elements of the claim in a conclusory fashion." *Id.* at 11.

The ASA Defendants next contend that, when Eleventh Circuit law on absolute immunity is applied to the Amended Complaint, "the ASA Defendants' alleged actions are clearly protected by absolute prosecutorial immunity" since the actions "are either preliminary to the initiation of the prosecution of Plaintiff or occurred during the prosecution." [DE 70 at 14]. They further explain that "most of Plaintiff's claims, just like before, are based on alleged acts performed by the ASA Defendants that are directly related to their duties as advocates for the State." *Id.*

The ASA Defendants alternatively argue that "Plaintiff's claims against individual ASA Defendants are clearly barred by qualified immunity" because Plaintiff "does not dispute that these individual Defendants were acting within the scope of their discretionary duties" and Plaintiff cannot meet his burden to "show why the ASA Defendants are not entitled to qualified immunity." [DE 70 at 16]. According to the ASA Defendants, the Amended Complaint does not allege that they violated any law, fails to allege any actual facts underlying a conspiracy, and does not contain facts which show implied malice. *Id.* Next, the ASA Defendants argue that Plaintiff has insufficiently alleged claims for conspiracy to maliciously abuse process. [DE 70 at 17]. They contend that "Plaintiff's allegation is not as to a 'court process'[;] rather Plaintiff's claim is that

4

the ASA Defendants conspired to abuse process as to the issuance of the EOR. . . . Moreover, the ASA Defendants did not initiate the DOH investigation." *Id.*

The ASA Defendants similarly assert that Plaintiff has failed to state a cause of action for conspiracy since Plaintiff is alleging a conspiracy "on nothing more than conclusions and labels in contravention of *Twombly*." [DE 70 at 18]. According to the Motion, the conspiracy claims contain "conclusory and circular allegations that each Defendant participated in a conspiracy to abuse process with, again, no factual averments as required" and Plaintiff has failed to allege that the ASA Defendants actually had an agreement. *Id.*

b. Response

In response, Plaintiff first asserts that the Amended Complaint is not a shotgun pleading because it places the ASA Defendants "on clear notice of the allegations against them." [DE 77 at 5]. Plaintiff also points out that he "divided the facts into 13 separate topic areas (I through XIII), for ease of understanding these complex allegations." *Id.* at 6.

Plaintiff next argues that "neither defendant is sued for malicious prosecutions stemming from their participation in two criminal prosecutions against Plaintiff"; rather, the counts against the ASA Defendants are linked to the DOH Emergency Revocation Order. [DE 77 at 1–2]. Plaintiff maintains that the Amended Complaint "clearly states that both Hendricks and Albright are sued in their individual capacity for the tortious acts alleged herein not related to his duties as an assistant state attorney, nor for his duties in initiating and participating in the prosecutions referenced herein, but rather for their roles of investigative officer, and for other acts related thereto." *Id.* at 2. According to Plaintiff, "the alleged conduct of these Defendants is outside the contours of absolute immunity, because these defendants have acted outside the ambit of activities 'intimately associated' with the judicial process." *Id.* at 12. Plaintiff similarly contends that

5

qualified immunity does not apply here because the ASA Defendants "have failed to show how their roles involved performing a discretionary governmental function. Instead, Defendants attempt to shift the burden to Plaintiff without making such an assertion." *Id.* at 15. Further, Plaintiff argues that "[a]ssuming that these Defendants lied about the additional patient victims when communicating with the DOH, lied about Plaintiff violating the ERO, and improperly made statements to the press that were not true, particularly about the ERO, then qualified immunity does not protect their actions – even if they were performing a 'discretionary governmental function.'" *Id.* at 16.

In response to the ASA Defendants' argument that Plaintiff failed to properly plead conspiracy to participate in a malicious abuse of process scheme, Plaintiff states that he has "sufficiently alleged agreements among the defendants, specifically among Hendricks and Albright with Defendant Sheriff and Deputy Gonzalez, as well as Defendant Chandler, that relate to an allegation of 'malicious abuse of process.'" [DE 77 at 6]. Plaintiff further maintains that the "aim was to deprive Plaintiff of his due process and property rights in the scope of an investigation into whether his medical license should be suspended or revoked (by virtue of the facts leading to the ERO), as more fully alleged in the Amended Complaint." *Id.*

Finally, Plaintiff asserts that he has sufficiently alleged abuse of process claims and that the allegations are supported by "alleged facts, which must be construed as true, at this state of the litigation." [DE 77 at 7]. *Id.* Lastly, Plaintiff argues that the Amended Complaint sufficiently pleads malicious abuse of process. *Id.* at 8–10.

    c. <u>Reply</u>

In reply, the ASA Defendants again assert that the Amended Complaint is a shotgun pleading because it "contains conclusory, vague, and immaterial facts not obviously connected to

any particular cause of action" and a "plethora of conclusory allegations which Plaintiff fails to address in his Response." [DE 85 at 3]. They explain that, "[i]n short, each count is over-inclusive of not only immaterial facts for that specific count, but such are replete with improper conclusory facts" and emphasize that "[b]y consistently incorporating hundreds of allegations into each count that contain a rambling recitation of irrelevant averments, many of which are conclusory, this is not adequate notice to parties required in this Circuit." *Id.* at 5.

Next, with regard to the immunity issue, the ASA Defendants contend that the acts attributed to them in the Amended Complaint were "directly related to their duties as advocates for the State." [DE 85 at 7]. Thus, absolute immunity applies since "the averments in this amended pleading, as before, describe acts, even if taken as true, which are completely and totally immune from civil suit as a matter of law." *Id.* The ASA Defendants further argue that qualified immunity applies because "Plaintiff does not dispute that these individual Defendants were acting within the scope of their discretionary duties," the Amended Complaint acknowledges that they were "employees of the Office of the State Attorney for the Nineteenth Judicial Circuit and were acting under color of state law," and Plaintiff has not met his burden to "show why the ASA Defendants are not entitled to qualified immunity." *Id.* at 8. Specifically, the ASA Defendants claim that "Plaintiff fails to allege any *Twombly* facts as to either ASA Defendant to demonstrate a violation of any law, let alone a violation of clearly established law." *Id.* They point out that allegations regarding violations of general rules and abstract rights are insufficient. *Id.*

Finally, the ASA Defendants again argue that the conspiracy and malicious abuse of process counts are insufficiently pled. [DE 85 at 9]. This is because Plaintiff's allegations are not based on "court process" and Plaintiff "fails to provide allegations of any such agreements [between the ASA Defendants] that are not conclusory or circular or that each Defendant

7

participated in a conspiracy to abuse process with factual averments as required." *Id.* at 9–10. With regard to the tortious interference with business relationships counts, the ASA Defendants argue that they "must also be dismissed as the basis for those counts is the conspiracy involving issuance of the ERO." *Id.* at 10.

### III. Legal Standards and Analysis

#### a. Shotgun Pleading Issue

Federal Rule of Civil Procedure 8 requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'Shotgun' pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements." *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). There are four basic types of shotgun pleadings: (1) those in which each count adopts the allegations of all preceding counts; (2) those that are simply replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each cause of action or claim for relief into different counts; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *See Weiland*, 792 F.3d at 1321–23 (quotations omitted); *see also Strategic Income Fund, LLC. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996).

The ASA Defendants argue that the Amended Complete here adopts too many allegations in each individual count and also that it is replete with conclusory, vague, and immaterial facts not

obviously connected to any particular cause of action. The Court has carefully reviewed the Amended Complaint. While the specific counts asserted against the ASA Defendants do reallege and adopt by reference large swaths of the background allegations, the Court does not find that the Amended Complaint is an improper shotgun complaint. Taking into consideration the remaining substantive arguments in the Motion, it is clear that the ASA Defendants were able to determine which allegations of fact were intended to support which claims for relief. The Court will not put form over substance by requiring Plaintiff to amend the Amended Complaint pursuant to the shotgun pleading argument. To the extent that the ASA Defendants believe that certain allegations are improper, they could have filed a motion to strike those allegations.

   b. Absolute Immunity

"[O]ur circuit has emphasized that[ ] 'a prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (quoting *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999)). This absolute immunity applies to a wide range of conduct, such as a "prosecutor's actions 'in initiating a prosecution and in presenting the government's case,' . . . prosecutorial conduct before grand juries, statements made during trial, examination of witnesses, and presentation of evidence in support of a search warrant during a probable cause hearing." *Rehberg v. Paulk*, 611 F.3d 828, 837–38 (11th Cir. 2010) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). "On the other hand, prosecutorial immunity does not apply when the prosecutor acts outside the ambit of activities 'intimately associated' with the judicial process.'" *Hart*, 587 F.3d at 1296. These activities include conducting investigative work before an arrest and making statements to the press. *Buckley v. Fitzsimmons,* 509 U.S. 259, 275–77 (1993).

Here, the Court does not find that the ASA Defendants' alleged conduct was directly related to their duties as advocates for the State. As paragraphs 15 and 16 of the Amended Complaint explain, Plaintiff is not suing the ASA Defendants in relation to their "duties in initiating and participating in the prosecutions referenced herein," but instead in their role "of investigative officer, and for other acts related thereto." [Am. Compl. ¶¶ 15–16]. For example, the Amended Complaint alleges that the ASA Defendants "purposefully failed to provide truthful information to agents of DOH, because they knew that the ERO would place umbrella pressure on Dr. Khan to settle Chandler's civil claim and negotiated the criminal prosecution involving Chandler." *Id.* ¶ 180. It also alleges that Hendricks sent certain emails to DOH employees and lawyers and that Albright communicated with someone from the local news stating that he would provide that individual with evidence from the case. *Id.* ¶ 183–185, 272. The Amended Complaint also states that the ASA Defendants "together began working closely with Sheriff Stephen and Deputy Gonzalez in the Chandler investigation, pre-arrest, with the purpose [to] abuse the process involving the civil case and the DOH proceedings which led to an ERO." *Id.* ¶ 262. The specific counts contain additional allegations about the ASA Defendants participating in the DOH investigation and trying to have the ERO enforced. *See, e.g. id.* ¶¶ 404–431.

In light of the allegations in the Amended Complaint, the Court will not dismiss the counts against the ASA Defendants on the basis of absolute immunity at this stage of the litigation. The allegations discuss activities, such as contacting reporters and emailing DOH employees and lawyers, that are not intimately related with judicial process or directly related to the ASA Defendants' duties as advocates for the State. The ASA Defendants may renew their absolute immunity argument at the summary judgment stage, if appropriate.

### c. Qualified Immunity

"The doctrine of qualified immunity provides that 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "In order to receive qualified immunity, the public official 'must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.'" *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (quoting *Courson v. McMillian,* 939 F.2d 1479, 1487 (11th Cir. 1991) (internal citations omitted)). "If the defendant was not acting within his discretionary authority, he is ineligible for the benefit of qualified immunity." *Id.* Once a defendant "establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Id.*

"Courts utilize a two-part framework to evaluate qualified immunity claims. One inquiry in a qualified immunity analysis is whether the plaintiff's allegations, if true, establish a constitutional violation." *Oakes Farms Food & Distrib. Servs., LLC v. Sch. Dist. of Lee Cnty., Fla.*, 541 F. Supp. 3d 1334, 1346 (M.D. Fla. 2021) (quoting *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010)). "If the facts show that a constitutional right has been violated, another inquiry is whether the right violated was 'clearly established.'" *Id.* (quoting *Brown*, 608 F.3d at 734).

"A right may be clearly established for qualified immunity purposes in one of three ways: (1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a

constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *D. P. v. Sch. Bd. of Palm Beach Cnty.*, 658 F. Supp. 3d 1187, 1229 (S.D. Fla. 2023) (quoting *Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1291–92 (11th Cir. 2009)).

Here, despite Plaintiff's arguments to the contrary, there is no doubt that the ASA Defendants were working within the scope of their discretionary authority when the alleged wrongful conduct occurred. The Amended Complaint alleges that they were assistant state attorneys and were acting under color of state law. [Am Compl. ¶¶ 8, 15–17, 385, 398, 411, 425]. Thus, the burden is on Plaintiff to show that qualified immunity is not appropriate. Here, Plaintiff argues that qualified immunity does not apply since, as alleged in the Amended Complaint, Defendants lied about the additional patient victims when communicating with the DOH, lied about Plaintiff violating the ERO, and improperly made statements to the press that were not true. The ASA Defendants reply by asserting that the Amended Complaint does not allege that they violated "any law, let alone a violation of clearly established law." [DE 85 at 8].

While the defense of qualified immunity may be considered on a motion to dismiss, it is "typically addressed at the summary judgment stage of a case." *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019). Plaintiff has alleged in the Amended Complaint and in his response that the ASA Defendants lied and made false statements which violated his due process rights and denied his property rights resulting in the ERO and the loss of his hospital privileges, teaching privileges, client base, and insurance contracts. These are not violations of general rules or abstract rights, but rather violations of clearly established constitutional rights of which a reasonable person would have known. Thus, Plaintiff has met his burden of showing that qualified immunity is not proper at this stage of the litigation.

Accordingly, at this stage of the litigation, the Court finds that the Motion is due to be denied to the extent that the ASA Defendants argue that they are entitled to qualified immunity. The ASA Defendants may renew their qualified immunity argument at the summary judgment stage, if appropriate.

    d.  <u>12(b)(6) arguments</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Pleadings, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* at 680-681 (citations omitted). The Court must review the "well-pleaded factual allegations" and, assuming their veracity, "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. A plaintiff must, under *Twombly*'s construction of Rule 8 cross the line "'from conceivable to

13

plausible.'" *Id.* at 680 (citation omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.

    (i)    <u>Conspiracy to Maliciously Abuse Process and Abuse of Process</u>

First, the Court will consider the conspiracy to maliciously abuse process counts (Counts 7 and 8) and the abuse of process counts (Counts 13 and 14). "An action for abuse of process lies if prosecution is initiated legitimately but is thereafter used for a purpose other than that intended by the law." *Pottinger v. City of Miami*, 810 F. Supp. 1551, 1565–66 (S.D. Fla. 1992) (citing *Miami Herald Publ'g Co. v. Ferre*, 636 F. Supp. 970, 974 (S.D. Fla. 1985)). "[A]buse of process is a misuse of 'a process justified in itself for an end other than that which it was designed to accomplish.'" *Id.* (quoting W. Prosser, *Handbook of the Law of Torts* 856 (4th ed. 1971)). Put another way, "[a]buse of process involves the use of criminal or civil legal proceedings against another primarily to accomplish a purpose for which it was not designed." *Al-Hakim v. Roberts*, No. 808CV01370T17EAJ, 2009 WL 2147062, at *7 (M.D. Fla. July 13, 2009) (citing *Bothmann v. Harrington,* 458 So.2d 1163, 1169 (Fla. 3d DCA 1984)). Further, "*Black's [Law Dictionary]* defines malicious abuse of process as 'the improper ... use of a legitimately issued court process to obtain a result that is either unlawful or beyond the process's scope.'" *Daker v. Bryson*, 841 F. App'x 115, 121 (11th Cir. 2020) (quoting *Malicious Abuse of Process*, Black's Law Dictionary (11th ed. 2019)).

In the Amended Complaint, all of the abuse of process-related counts—Counts 7, 8, 13, and 14—pertain to the issuance of the DOH Emergency Revocation Order. The Amended Complaint acknowledges that the DOH proceedings were "civil administrative proceedings" involving an "administrative law judge." [Am. Compl. ¶¶ 1, 199]. And, in his response to the

Motion, Plaintiff does not respond to the ASA Defendants' argument in the Motion that there can be no abuse of process or conspiracy to maliciously abuse process when there is no court process in the first place. Plaintiff's failure to respond is deemed a waiver.

While the parties have not provided any law on point, the Court has independently identified a Southern District of Alabama case which is instructive. In that case, the court noted that the majority of jurisdictions have refused to recognize abuse of process in nonjudicial proceedings and concluded that the Alabama State Court "would not recognize a tort of abuse of process based on process not issued by a court in the context of judicial proceedings." *Cooper v. Escambia Cnty. Comm'n*, No. CIV.A. 10-0330-WS-C, 2012 WL 253297, at *2 (S.D. Ala. Jan. 26, 2012). Similarly, the Court sees no reason here to assume that the Florida Supreme Court would intend that abuse of process claims are appropriate outside of the scope of judicial proceedings. Furthermore, the Court agrees with the ASA Defendants' argument that they did not initiate the DOH proceedings in the first place, so abuse of process and conspiracy to maliciously abuse process[3] cannot be properly alleged against them. And, it must again be emphasized that Plaintiff failed to respond to these arguments in his papers and thus waived any response. Thus, the Court finds that the conspiracy to maliciously abuse process counts (Counts 7 and 8) and the abuse of process counts (Counts 13 and 14) must be dismissed.

---

[3] Under Florida law, in order to state a claim for civil conspiracy, a plaintiff must allege: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Phillip Morris USA, Inc. v. Russo*, 175 So. 3d 681, 686 n.9 (Fla. 2015) (citing *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (3d DCA 1997)). "A civil conspiracy derives from the underlying claim that forms the basis of the conspiracy," and a "claim that is found not to be actionable cannot serve as the basis for a conspiracy claim." *Smith v. Jackson*, 16-81454-CIV, 2017 WL 1047033, at *5 (S.D. Fla. Mar. 20, 2017). Accordingly, no underlying actionable claim exists to support the conspiracy counts.

(ii)     Tortious Interference with Business Relationships

Next, the Court will turn to the tortious interference with business relationships counts (Counts 25 and 26). To state a claim under Florida law for tortious interference with a business relationship, a plaintiff must establish four elements: (1) the existence of a business relationship between the plaintiff and a third party, (2) the defendant's knowledge of the relationship, (3) the defendant's intentional and unjustified interference with the relationship, and (4) damages resulting from the defendant's interference. *See Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994).

Here, Plaintiff has alleged that he had a business relationship with Gateway Medical Group, various hospitals, Florida State University School of Medicine, and various health insurance companies. [Am Compl. ¶¶ 550–552, 559–561]. Plaintiff has also alleged that the ASA Defendants knew of these business relationships. *Id.* ¶¶ 553, 562. Next, Plaintiff has alleged that the ASA Defendants "intentionally and [unjustifiably] interfered with the relationship by: 1) promoting the issuance of an ERO, as more fully alleged herein; 2) participating in a conspiracy to abuse process, as alleged in Counts 11 and 12 herein; 3) making statements to the public and media that were false and misleading, and 4) providing false information to the DOH to support the ERO issued based on his various communications with agents of the DOH, all of which operated to interfere with the above-referenced business relationships." *Id.* ¶¶ 554, 563. Finally, the Amended Complaint lists Plaintiff's damages as a result of this conduct. *Id.* ¶¶ 555–557, 564–566.

The ASA Defendants' sole argument in favor of dismissal is that the basis of these counts "is the conspiracy involving issuance of the ERO," so these counts must be dismissed if the conspiracy counts are dismissed. [DE 70 at 19]. The Court disagrees. The Amended Complaint sufficiently alleges each element of tortious interference with business relationships.

## IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants Jonathan S. Hendricks and Ashley K. Albright's Motion to Dismiss Plaintiff's Amended Complaint [DE 70] is **GRANTED IN PART AND DENIED IN PART**, as specified in this Order.

2. At this juncture, the Court does not find that the ASA Defendants are protected by either absolute immunity or qualified immunity. This ruling is without prejudice to the ASA Defendants renewing their immunity arguments at the summary judgment stage of this case.

3. Counts 7, 8, 13, and 14 are hereby DISMISSED. However, the Court will permit Plaintiff to amend those counts if he can possibly do so in full compliance with the law and Federal Rule of Civil Procedure 11 on or before **January 26, 2024**.

4. The Motion is DENIED as to Counts 25 and 26.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of January, 2024.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge